IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERREZ MCCLEARY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA PARKING AUTHORITY,<br><br>Defendant. | Case No.<br><br>COLLECTIVE AND CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Terrez McCleary, individually and on behalf of all others similarly situated, brings this collective and class action against Defendant Philadelphia Parking Authority ("PPA"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101–333.115, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1–260.45, and asserting, in the alternative, a claim for unjust enrichment.

**INTRODUCTION**

1. The PPA has a uniform policy and practice of requiring security officers, including Plaintiff, to work through their 30-minute meal and rest breaks while automatically deducting that time from their paid hours.

2. During these illusory breaks, Plaintiff and other security officers must remain at their posts, continuously monitor vehicle and pedestrian traffic, respond to customers, conduct security rounds, operate entry and exit gates, and perform other regular job duties.

1

3. The PPA's break policy unlawfully deprives Plaintiff and all similarly situated security officers of straight-time and overtime wages in violation of federal and state wage laws, including the FLSA, PMWA, and WPCL.

4. Plaintiff also brings an unjust enrichment claim, asserted in the alternative to her FLSA, PMWA, and WPCL claims, on behalf of the Rule 23 class.

5. Plaintiff asserts her federal claims as a collective action under 29 U.S.C. § 216(b) and her state-law claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Terrez McCleary is an adult individual residing in Philadelphia County, Pennsylvania.

7. Plaintiff has been employed by the PPA as a security officer in Philadelphia since October 2018.

8. Plaintiff is, and at all relevant times was, an "employee" of the PPA within the meaning of the FLSA, PMWA, and WPCL.

9. Defendant Philadelphia Parking Authority ("PPA") is a hybrid regulatory agency with multiple functions at the local and statewide level, with its headquarters located at 701 Market Street Suite 5400, Philadelphia, Pennsylvania 19106.

10. The PPA is, and at all relevant times was, an "employer" within the meaning of the FLSA, PMWA, and WPCL.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's federal claims under 29 U.S.C. § 216(b).

12. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper under 28 U.S.C. § 1391 because the events and omissions giving rise to Plaintiff's claims occurred within this District.

**FACTUAL BACKGROUND**

14. Plaintiff has worked for the PPA since October 2018, initially on a part-time basis and, beginning in late 2023 or early 2024, on a full-time basis.

15. Plaintiff's current hourly rate is $25.26 per hour.

16. During her employment with the PPA, Plaintiff has received yearly pay increases of approximately $2 per hour.

17. Throughout her employment with the PPA, Plaintiff's job title has been "security officer."

18. Plaintiff and similarly situated security officers are primarily responsible for monitoring and securing the PPA's impoundment lots.

19. Plaintiff's day-to-day duties include: (a) operating and manning the security booth; (b) controlling vehicle and pedestrian access to the lots; (c) conducting security rounds; (d) assisting customers, contractors, and vendors; and (e) responding to security and safety issues.

20. At all relevant times, the PPA has imposed 30-minute unpaid meal and rest breaks on its security officers.

21. However, the PPA does not relieve security officers of their duties during this period and instead requires them to continue working throughout the supposed break.

22. Despite requiring security officers to work through their breaks, the PPA deducts 30 minutes from their paid hours.

23. In other words, the PPA does not provide a bona fide meal or rest break.

3

24. Put simply, the PPA requires Plaintiff and other security officers to work for 30 minutes without pay.

25. For example, during Plaintiff's purported breaks, she must remain at her post, let vehicles and pedestrians in and out of the lot, answer inquiries, and monitor the premises.

26. Although Plaintiff works through these purported breaks, her pay records show that the PPA systematically deducts 30 minutes from her paid hours.

27. Plaintiff has complained to her supervisors about the PPA's unlawful break policy, but her concerns were repeatedly dismissed.

28. For example, when Plaintiff informed her supervisor, Troy Bailey, that she intended to contact a lawyer about the issue, he laughed at her.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action under 29 U.S.C. § 216(b) on behalf of herself and all other security officers who, at any time during the last three years, were subject to the PPA's unlawful break policy.

30. Plaintiff and members of the collective are similarly situated because they performed similar or identical job duties and were subjected to the same unlawful break policy.

31. The PPA's violations were willful, entitling Plaintiff and members of the collective to a three-year statute of limitations under the FLSA.

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings her state-law claims—including her claims under the PMWA, the WPCL, and, in the alternative, her unjust enrichment claim—on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

33. Plaintiff seeks certification of a class consisting of:

4

> All individuals employed by the Philadelphia Parking Authority as security officers at any time during the past three years who were required to work through their meal or rest breaks without pay.

34. The class members are so numerous that joinder is impracticable.

35. Proceeding as a class action is superior to numerous individual actions and will promote judicial economy and consistent adjudication.

36. Individual litigation would be economically infeasible for class members and would unnecessarily burden the courts.

37. Questions of law and fact common to the class predominate over any individual issues. These common questions include, without limitation:

    a. Whether the PPA maintained a uniform policy of automatically deducting 30 minutes of unpaid time from each shift for a purported meal or rest break;

    b. Whether the PPA required security officers to work during unpaid breaks;

    c. Whether the PPA failed to pay security officers for all hours worked in violation of the PMWA;

    d. Whether the PPA unlawfully withheld earned wages in violation of the WPCL; and

    e. Whether the PPA's policies and practices were willful, reckless, or in bad faith.

38. The class is readily ascertainable from the PPA's payroll, timekeeping, and employment records.

39. Plaintiff will fairly and adequately represent the interests of the class and has no interests antagonistic to those of the class.

40. Absent class certification, the PPA will retain the benefits of its unlawful practices and class members will be left without an adequate remedy.

41. Class litigation is necessary because individual actions would create a risk of inconsistent adjudications that could establish incompatible standards of conduct for the PPA.

42. Certification of the class will ensure uniform resolution of common questions of law and fact and will protect class members' rights through a single, efficient proceeding.

43. Plaintiff's counsel is experienced in wage-and-hour litigation and will adequately represent the class.

### FIRST CAUSE OF ACTION
### FLSA Violations

44. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

45. The PPA violated the FLSA by automatically deducting 30 minutes for illusory meal and rest breaks despite requiring Plaintiff and other security officers to continue working throughout that period.

46. When the unlawfully deducted 30 minutes per shift is properly counted as compensable time, security officers routinely worked more than 40 hours in a workweek.

47. As a result of its unlawful break policy, the PPA failed to pay Plaintiff and other security officers (a) straight-time wages for all hours worked under 40, and (b) overtime wages for all hours worked over 40 in a workweek, including hours improperly eliminated through automatic deductions.

48. Plaintiff and the collective are entitled to all available relief under the FLSA, including unpaid wages, overtime compensation, liquidated damages, prejudgment interest, attorneys' fees, and costs.

49. The PPA's violations were willful, entitling Plaintiff and the collective to a three-year statute of limitations and liquidated damages under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### PMWA Violations

50. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

51. The PMWA requires employers to pay employees for all hours worked and to pay overtime at one and one-half times the regular rate for all hours worked over 40 in a workweek.

52. The PPA violated the PMWA by automatically deducting 30 minutes of paid time each shift for illusory meal and rest breaks, even though Plaintiff and other security officers were required to continue working during that period.

53. When the unlawfully deducted 30 minutes per shift is properly counted as compensable time, security officers routinely worked more than 40 hours in a workweek.

54. As a result of its automatic deduction policy, the PPA failed to pay Plaintiff and the class (a) straight-time wages for all hours worked under 40, and (b) overtime wages for all hours worked over 40 in a workweek.

55. Plaintiff and the class are entitled to all available relief under the PMWA, including unpaid wages, unpaid overtime, prejudgment interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
### (WPCL Violations)

56. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

57. The WPCL prohibits employers from withholding or deducting earned wages unless permitted by law or authorized in writing by the employee.

58. The PPA violated the WPCL by making a uniform, unauthorized, and unlawful deduction of 30 minutes of pay for illusory breaks, despite requiring security officers to perform compensable work during that time.

59. These unlawful deductions resulted in the nonpayment of (a) straight-time wages for all hours worked, and (b) overtime wages in any week where the addition of the 30 minutes of uncompensated work per shift caused an employee's total hours to exceed 40.

60. Plaintiff and the class are entitled to all available relief under the WPCL, including unpaid wages, unpaid overtime, statutory liquidated damages, prejudgment interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
### Unjust Enrichment (In the Alternative)

61. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

62. This claim is pled in the alternative to Plaintiff's statutory claims under the FLSA, PMWA, and WPCL.

63. By requiring security officers to work through their 30-minute meal breaks without compensation, the PPA knowingly received and retained the benefit of labor for which it did not pay.

64. The PPA's retention of the value of this unpaid work was inequitable and unjust, as Plaintiff and the class conferred a measurable benefit on the PPA in the form of uncompensated labor that the PPA accepted and utilized.

65. Equity and good conscience require the PPA to disgorge the value of the unpaid work performed by Plaintiff and the class and to compensate them for the benefit conferred.

66. As a result of the PPA's unjust enrichment, Plaintiff and the class are entitled to restitution, disgorgement, and all other equitable relief permitted under Pennsylvania law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in her favor and against Defendant Philadelphia Parking Authority:

a.  Certifying the FLSA claims as a collective action under 29 U.S.C. § 216(b);

b.  Certifying the PMWA and WPCL claims as a class action under Rule 23;

c.  Designating Plaintiff as representative of the collective and class;

d.  Appointing Plaintiff's counsel as class and collective counsel;

e.  Awarding Plaintiff, the Collective, and the Class damages for all unpaid straight-time wages and unpaid overtime wages for all hours worked;

f.  Awarding liquidated and statutory damages;

g.  Awarding restitution and disgorgement;

h.  Awarding pre-judgment and post-judgment interest on all unpaid wages and damages;

i.  Awarding reasonable attorneys' fees, costs, and expenses pursuant to the FLSA, PMWA, and WPCL;

j.  Awarding injunctive or declaratory relief as necessary to eliminate the PPA's unlawful practices; and

k.  Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 24, 2025

Respectfully submitted,

_____
Jeremy E. Abay (PA # 316730)
POND LEHOCKY GIORDANO, INC.
2005 Market Street, 18th Floor
Philadelphia, PA 19103
(856) 528-8115
jabay@pondlehocky.com

*Attorneys for Plaintiff*